ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ESTEFANÍA COLÓN LAMIZ, en su carácter personal y en representación de los menores AMC y NMC; YENY MARTÍNEZ MINAYA; RAMONA LAMIZ ESTEVES; ALEXIS GONZÁLEZ CORTÉS <br><br> Recurridos <br><br> v. <br><br> HUGH ALEXANDER CUTHBERT MARTIN, Y OTROS <br><br> Peticionarios | TA2025CE00866 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan <br><br> Caso Núm.: SJ2021CV04460 <br><br> Sala: 805 <br><br> Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2026.

Compareció Universal Insurance Company (en adelante, "Universal" o "peticionaria") mediante el recurso de *Certiorari* de epígrafe presentado el 8 de diciembre de 2025. Nos solicita la revisión de *Resolución* emitida el 7 de julio de 2025 y notificada el 9 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia denegó la solicitud de sentencia sumaria presentada por Universal.

Por los fundamentos que expondremos a continuación, se **deniega** la expedición del auto de *Certiorari*.

**-I-**

El 16 de julio de 2021, la Sra. Yeni Martínez Minaya, la Sra. Ramona Lamiz Esteves, el Sr. Alexis González Cortés y la Sra. Estefanía Colón Lamiz, por sí y en representación sus hijos menores de edad, AMC y NMC (en conjunto, "demandantes" o "recurridos")

presentaron *Demanda* sobre daños y perjuicios contra el Sr. Hugh Alexander Cuthbert Martin (en adelante, "señor Cuthbert"), Universal, AIG Insurance Company Puerto Rico, Municipio de San Juan, Optima Insurance Company y otros.[1] Allí alegaron que, el 25 de julio de 2020, la Sra. Estefanía Colón Lamiz y la Sra. Yeni Martínez Minaya estaban ubicadas en una mesa en la terraza del restaurante Chili's en Condado y el señor Cuthbert Martin impactó el restaurante con su vehículo de motor. Por tales hechos, los demandantes alegaron que sufrieron daños físicos y emocionales.

Tras la muerte del señor Cuthbert Martin, el 14 de febrero de 2024, los demandantes presentaron demanda enmendada a los efectos de incluir como demandados a la Sucesión del señor Cuthbert Martin.[2]

El 5 de marzo de 2025, Universal presentó su *Moción de sentencia sumaria*.[3] En esencia, sostuvo que no había controversia de hecho sobre que el accidente del caso de epígrafe fue causado por la pérdida de conocimiento del señor Cuthbert Martin, debido a un síncope sobrevenido e impredecible. Por ende, argumentó que el señor Cuthbert Martin no responde civilmente por los daños reclamados y procede la desestimación sumaria de la *Demanda* incoada en su contra. En alternativa, sostuvo que aun considerando que el señor Cuthbert Martin fue negligente por conducir en exceso de velocidad —por 5 millas por hora en una zona de 25 millas por horas— el síncope sobrevenido e impredecible constituyó una causa interventora que lo exime de responsabilidad.

Por su parte, el 7 de abril de 2025, las demandantes presentaron su *Moción en oposición a solicitud de sentencia sumaria*.[4] De inicio, alegaron que Universal incumplió con los

---

[1] SUMAC-TPI, entrada núm. 1.
[2] SUMAC-TPI, entrada núm. 255.
[3] SUMAC-TPI, entrada núm. 389.
[4] SUMAC-TPI, entrada núm. 397.

requisitos de la Regla 36 de Procedimiento Civil, debido a que incluyó hechos impertinentes e inadmisibles con el propósito de enmendar sus alegaciones sin autorización del foro de instancia. A su vez, adujeron que no procedía dictar sentencia sumaria, toda vez que existía controversia sustancial sobre la alegada condición de salud imprevista del señor Cuthbert Martin y su eventual responsabilidad civil extracontractual.

Así las cosas, el foro de instancia emitió una *Resolución* el 7 de julio de 2025, notificada el 9 de julio de 2025, en la cual hizo constar determinaciones de hechos incontrovertidos como sigue:

1. El accidente descrito en la Demanda ocurrió el 25 de julio de 2020.

2. En la fecha determinada previamente, alrededor de las 6:00 p.m., Colón Lamiz y Martínez Minaya se encontraban en la plaza exterior del Restaurante Chili's de Condado.

3. El demandado Cuthbert Martin era dueño del auto Honda CRV, azul, con tablilla HHB-010, involucrado en el accidente y conducía el mismo al momento de los hechos.

4. Según el Informe de choque de tránsito, Cuthbert Martin transitaba de este a oeste en la Avenida Ashford en San Juan, Puerto Rico, y al llegar a la intersección con la calle Nairo, dobló a la derecha, salió de la vía del rodaje, subió la acera e impactó con el área frontal de su vehículo el área de la terraza extendida de Chilli's e impactó a Colón Lamiz y Martínez Minaya.

5. El Informe de Análisis Toxicológico del Sr. Cuthbert Martin determinó que, al momento del accidente, no presentaba alcohol en sangre (0.00% de alcohol por volumen).

6. El demandado Cuthbert Martin recibió servicios médicos el 25 de julio de 2020 en la Sala de Emergencias del Doctors' Center Hospital en San Juan, Puerto Rico.

7. El Doctors' Center Hospital recomendó el traslado a la Unidad de Trauma de Administración de Servicios Médicos de Puerto Rico (ASEM).

8. El demandado Cuthbert Martin recibió servicios médicos el 26 de julio de 2020 en el Hospital Universitario de Adultos de la ASEM.

9. Del expediente médico en ASEM surge que "el paciente tuvo un posible síncope que podría deberse a antecedentes médicos subyacentes".

10. Del expediente médico en ASEM surge que se evaluó y se diagnosticó el síncope.

11. Según consta en Deposición del Ing. Otto González Blanco, a este no le consta la razón del desvío.

12. Hugo Cuthbert Martin falleció el 5 de mayo de 2023.

13. Universal expidió la Póliza UNPP038884 a favor de Hugh Alexander Cuthbert Martin con los siguientes limites en la cubierta de responsabilidad pública: $100,000.00 por cada persona; $300,000.00 por cada accidente; Cobertura suplementaria (Umbrella Coverage Part): límite de responsabilidad de $1,000,000.00.

[...][5]

Asimismo, el foro de instancia determinó que existían los hechos en controversia siguientes:

1. Si Hugo Cuthbert Martin perdió el conocimiento o no antes del accidente.

2. La causa que ocasionó que Hugo Cuthbert Martin se desviara de la avenida y la razón para desplazar su vehículo hacia la terraza del restaurante Chili's.

3. Si Hugo Cuthbert Martin fue negligente mediante un acto u omisión.

4. La previsibilidad de Hugo Cuthbert Martin, por condiciones médicas anteriores, de ocasionar un accidente al conducir su vehículo.

5. La responsabilidad de Universal bajo la póliza expedida a favor de Hugo Cuthbert Martin.[6]

Considerando lo anterior, el foro de instancia denegó la solicitud de sentencia sumaria presentada por Universal por entender que existen controversias de hechos materiales que tienen que ser dirimidas en un juicio para evaluar la prueba y la credibilidad de los testigos que en su día presenten. En particular, el foro de instancia señaló que —además de la contradicción entre el informe pericial y la deposición del perito— la controversia consistía en lo siguiente:

[...] si hubo una acción u omisión culpable o negligente por parte del Sr. Cuthbert Martin, o si en efecto se trató de una causa interventora como alegó Universal. Sin embargo, surge de los documentos que el síncope podría estar relacionado a otras condiciones previas y dicho asunto no corresponde determinarlo mediante sentencia sumaria.[7]

---

[5] SUMAC-TPI, entrada núm. 411, págs. 3-4.
[6] *Id.,* pág. 5.
[7] *Id.*, pág. 12.

En desacuerdo con lo anterior, el 23 de julio de 2025, Universal presentó su *Moción de reconsideración y/o en solicitud de enmiendas y/o determinaciones de hechos adicionales.* Argumentó que había demostrado —en su solicitud de sentencia sumaria— que el accidente del caso de epígrafe ocurrió por una condición de salud sobrevenida, inevitable e imprevisible. Incluso, señaló que no hay evidencia suficiente para demostrar los elementos de previsibilidad y negligencia del señor Cuthbert Martin. Asimismo, enfatizó que el diagnóstico médico del síncope tiene más peso que cualquier declaración que le haya expresado el señor Cuthbert a los facultativos médicos. En cuanto al exceso de velocidad, alegó que conforme a la experiencia general, guiar a una velocidad de 30 millas por hora, en una zona de 25 millas por hora, no causa que una persona promedio pierda por completo el control de su vehículo. Por lo cual, solicitó que se dejara sin efecto la *Resolución* y se dictara sentencia sumaria a su favor.

A esos efectos, el 6 de noviembre de 2025, el foro de instancia emitió y notificó *Resolución* en la cual denegó la solicitud de reconsideración presentada por Universal.[8] Reiteró que existía una controversia real y genuina sobre un hecho material, ya que hay versiones contradictorias sobre el estado consciente o inconsciente del señor Cuthbert Martin durante el accidente. Asimismo, el foro de instancia sostuvo que estaba pendiente evaluar si el señor Cuthbert Martin conocía de las condiciones subyacentes y si era previsible que con dichas condiciones ocurriría un daño.

Aun inconforme, el 8 de diciembre de 2025, Universal acudió ante nos mediante el recurso de epígrafe y señaló la comisión de los errores siguientes:

> Primer Error: Erró el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria presentada por la compareciente a pesar de haber concluido que el señor Hugh

---

[8] SUMAC-TPI, entrada núm. 422.

Cuthbert Martin perdió el conocimiento momentos antes del accidente por razón de haber sufrido un síncope, cuando no existe controversia sustancial de hecho de que el síncope fue, con toda probabilidad, lo que ocasionó el accidente, y cuando existe ausencia total de prueba que establezca la previsibilidad del síncope.

Segundo Error: En la alternativa, erró el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria presentada por la compareciente a pesar de que el síncope sobrevenido e imprevisible sufrido por el señor Cuthbert Martín constituye una causa interventora que releva a la compareciente de responsabilidad en el presente caso.

Tercer Error: En la alternativa, erró el Tribunal de Primera Instancia al no enmendar la Resolución recurrida para incluir las determinaciones de hechos adicionales propuestas por la compareciente a pesar de que estás surgen claramente, algunas ad verbatim, de la prueba documental sometida por la compareciente en apoyo de su solicitud de sentencia sumaria.

Transcurrido el término dispuesto en la Regla 37 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 60, 216 DPR __ (2025), para que los recurridos presentaran su alegato en oposición al recurso de epígrafe, no comparecieron, por lo que damos por perfeccionado el recurso.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los

dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso ante nos, la peticionaria alega que el foro de instancia erró al denegar su solicitud de sentencia sumaria a pesar de que no existe controversia de hecho de que el accidente fue

ocasionado por el síncope que sufrió el señor Cuthbert Martin mientras conducía y, añadió que no hay pruebas que demuestren su previsibilidad. En alternativa, argumenta que el síncope constituye una causa interventora que releva de responsabilidad al señor Cuthbert Martin. Por último, sostuvo que el foro de instancia erró al no incluir las determinaciones de hechos adicionales que propuso.

De entrada, nos percatamos que la *Moción de sentencia sumaria* presentada por Universal cumplió con los requisitos de forma establecido por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. Esto es, la referida solicitud incluyó una relación enumerada de todos los hechos esenciales y pertinentes sobre los que alegaron eran incontrovertidos junto a su evidencia en apoyo. En cambio, observamos que la *Moción en oposición a solicitud de sentencia sumaria* presentada por los recurridos ni mostró su posición sobre cada hecho propuesto por Universal ni adjuntó evidencia documental con el fin de controvertirlos. Los recurridos se limitaron meramente a argumentar que los hechos incontrovertidos presentados por Universal eran impertinentes, inmateriales e inadmisibles debido a que tenían el propósito de enmendar las alegaciones sin permiso judicial. Por tanto, es evidente que la *Moción en oposición a solicitud de sentencia sumaria* presentada por los recurridos no cumplió con los requisitos de forma establecido por la Regla 36 de Procedimiento civil, *supra.*

Sin embargo, tras examinar la totalidad del expediente de epígrafe a la luz de lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra,* no encontramos razones para expedir el auto y revisar la determinación recurrida. Tampoco surge que el foro de Instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto. Por el contrario, consideramos que la actuación del foro de Instancia es una razonada y que se encuentra dentro del ámbito

de sus facultades. Por tanto, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento.

En consecuencia, a tenor con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, colegimos que no existe criterio jurídico que amerite nuestra intervención en esta etapa de los procedimientos.

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del *Certiorari* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones